UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22965-RS

ALEJANDRO ESPINOPZA,

     Plaintiff,

v.

RON JON SURF SHOP OF FLA, INC.,
a Florida for-profit corporation d/b/a
RON JON SURF SHOP,

     Defendant.

_____/

## CONSENT ORDER

**WHEREAS**, the parties of the above-entitled action have agreed upon a Settlement Agreement

embodying actions and remediation to be undertaken regarding Defendant's Website and/or Mobile

Application; and

**WHEREAS**, the parties and the Court have concluded that there is no further need to litigate the

issue set forth in the Lawsuit or the Action because the parties have mutually agreed to the entry of

the following Settlement Agreement as a Consent Order in this case; and

**WHEREAS**, neither party waives their claims nor defenses by entering this Agreement as a

Consent Order, and Defendant's assent is not an admission that they have committed any violations

of law,

     **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**, and parties do hereby

consent as follows:

1. That the following Settlement Agreement be entered as a Consent Order in this case binding

    upon Parties on both sides of this matter, their successors in office, agents, employees, and

    all persons in active concert or participation with them to the extent set forth and pursuant to

    the terms and conditions in the Settlement Agreement.

2.  This Agreement and Consent Order shall inure to the benefit of all visually impaired persons who utilize a screen reader to access the Website and/or mobile application, of which such visually impaired persons shall constitute third-party beneficiaries to this Agreement.  Such third-party beneficiaries shall be entitled to enforce only the nonmonetary provisions of this Agreement against the Defendant and/or Released Parties.

3.  That this Court shall retain jurisdiction for a period of three years beginning on November 30, 2022 and ending on the night of December 1, 2025 in order to oversee implementation of the Agreement, including enforcement with respect to any third-party beneficiaries.

    **DONE and ORDERED** in Fort Lauderdale, Florida, this 30th day of November, 2022.

    _____
    **RODNEY SMITH**
    **UNITED STATES DISTRICT JUDGE**

cc:     All Counsel of Record

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Alejandro Espinoza ("Plaintiff") and Ron Jon Surf Shop of Fla, Inc. d/b/a Ron Jon Surf Shop ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), as follows:

## RECITALS

**WHEREAS**, Plaintiff has filed a lawsuit against Defendant styled *Alejandro Espinoza v. Ron Jon Surf Shop of Fla, Inc. d/b/a Ron Jon Surf Shop,* et. a. Case No. 1:22-cv-22965-RS in the United States District Court, Southern District of Florida (the "Lawsuit"), seeking injunctive relief to remedy alleged accessibility barriers on Defendant's website https://www.ronjonsurfshop.com/ ("Website") in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") pursuant to which Plaintiff sought damages, injunctive, declaratory relief, and attorneys' and experts' fees, expenses, and costs;

**WHEREAS**, Defendant does not admit and expressly denies any violation of the ADA or any other federal, state, or local law, statute, or ordinance, or that injunctive relief is warranted and further denies Plaintiff's claims in the Action as well as any alleged violations of Plaintiff's rights under the common law, and other wrongdoing or liability whatsoever, and the Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission of any liability, wrongdoing, or responsibility on the part of any of the Released Parties (as defined below);

**WHEREAS**, the Parties, desiring to avoid the expense, time, effort and uncertainty of further litigation, have agreed to a full and final settlement of all claims that were or could have been raised in the Action, including without limitation all ADA accessibility issues and common law claims;

**NOW, THEREFORE**, in consideration of the promises, covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to the following terms and conditions as full and final settlement of this Action:

## AGREEMENT

### 1.    Corrective Actions and Barrier Removal.

The Parties agree that within 18 months of the date of the full execution of this Agreement (i.e., the date that the last party signs the Agreement), Defendant will use best efforts to comply with the requirements of the ADA as it relates to the accessibility of its website. If Defendant uses or integrates any third-party content (i.e., any web content that is generated by a third party and is not owned, coded, managed, or operated by Defendant (including, but not limited to, plug-ins, PDF files, transactional or payment platforms, social media, and YouTube© videos), Defendant shall request that third-party content be provided in a format that conforms to WCAG 2.0, Level AA. Defendant shall make reasonable efforts (i.e., with respect to a given goal or obligation, the efforts that a reasonable person in Defendant 's position would use to achieve that goal or obligation) to use only third-party content that conforms to WCAG 2.0, Success

Criteria Level AA for hosting on the Website. However, nothing in this Agreement shall require Defendant to undertake, to complete remediation for, or to be responsible or liable for any form of third-party content that is incorporated into the Website and/or any mobile applications and for which Defendant took no part in its creation or ownership. The Parties further agree that the requirements of this Agreement do not apply to any links that navigate the user away from Defendant's Website and onto another independent third party website(s).

### 2.      Dismissal of Action.

Upon execution of this Agreement, but no later than five (5) business days thereafter, the Parties shall sign and file a Joint Notice of Settlement and Stipulation of Dismissal with Prejudice of the Action and a related proposed Agreed Order adopting the Parties' stipulation and dismissing the case with prejudice, in the forms collectively attached to this Agreement as composite Exhibit A. The parties will also submit to the Court a proposed Consent Order (attached hereto as Exhibit B) which incorporates be reference and attaches a redacted version of this settlement agreement for entry by the Court.

### 3.      Attorneys' Fees & Costs.

Defendant shall pay, within twenty (20) days of the Court's dismissal of this Action with prejudice pursuant to Paragraph 2 above, the agreed upon settlement amount, as set for the in the Parties' Confidential Addendum to the Agreement, to MENDEZ LAW OFFICES, PLLC, (Tax ID No. 45-3963776) in full and final satisfaction of all attorneys' fees, costs and other expenses of any kind incurred by Plaintiff in connection with the Action. MENDEZ LAW OFFICES, PLLC, shall provide to Defendant's counsel a 2022 Form-1099. No other payments shall be required under this Agreement to a prevailing party in an enforcement proceeding, except as expressly set forth in Paragraph 5.F. and 5.T. below. Defendant shall bear its own attorney's fees, litigation expenses, and costs incurred in connection with this Action.

### 4.      Release.

In consideration of the promises and covenants contained in this Agreement, including without limitation the voluntary accessibility remediation and attorneys' fee payment described in Paragraphs 1 and 3 above, Plaintiff and his agents, representatives, and heirs, voluntarily and irrevocably, fully, and finally release, acquit and forever discharge all known and unknown, accrued or unaccrued legal or equitable claims, demands, liabilities, rights, debts, judgments, damages, expenses, actions, causes of action, complaints, or suits of any kind that Plaintiff had or may have against Defendant and its past, present, or future officers, directors, trustees, agents, representatives, insurers, adjusters, attorneys, servants, employees, shareholders, members, managers, partners, lessees, franchisees, joint ventures, predecessors and successors in interest, subsidiaries, any parent company, other affiliates and assigns, and all persons acting and herein specifically named or not and each of its affiliated organizations and entities and each of these entities' managers, employees, officers, directors, agents, attorneys, predecessors, successors and assigns, attorneys, and each of their respective heirs, executors, administrators, personal representatives, successors and/or assigns (collectively, the "Released Parties") with regard to the accessibility of the Website and/or any mobile applications. This release includes without limitation all claims against the Released Parties that arise under Title III of the ADA, FAC, Florida Statute Section 760, Web Content Accessibility Guidelines, WCAG 2.0 AA, the Miami-Dade County Commission on Human Rights, and/or any other federal, state, or local law,

including applicable common law, governing physical access features for persons with disabilities at public accommodation, whether before any federal, state, or local agency, in any court of law, or before any other forum relating to the Website and/or any mobile application, including all Defendant Released Parties' websites.  Plaintiff specifically acknowledges that the Payment provided in Paragraph 3 above and the other consideration being provided hereunder, is sufficient consideration for the release of all Released Parties and the promises and obligations contained herein. This release also encompasses all claims for damages, attorneys' fees and costs, expert fees and costs, or any other fee or cost incurred to date, with the exception that it is expressly agreed that this release does not bar any future claim or action taken by any of the Parties to enforce any of the terms of this Agreement. Plaintiff specifically acknowledges that the Payment provided in Paragraph 3 above and the other consideration being provided hereunder, is sufficient consideration for the release of all Released Parties and the promises and obligations contained herein. Plaintiff specifically acknowledges that the settlement payment referenced in Paragraph 3 above and in the Parties' Confidential Addendum to the Agreement, as well as other consideration being provided hereunder, is sufficient consideration for the release of all the Released Parties and the promises and obligations contained herein.

### 5.    **General Provisions.**

A.    <u>Construction</u>. This Agreement and its construction shall be interpreted in accordance with the ADA and, to the extent applicable, Florida law, without regard to Florida's conflict of law principles.

B.    <u>Excused Performance</u>. Defendant's obligations set forth in this Agreement are subject to, and contingent upon, a determination by web development and accessibility experts that the modifications to the Website indeed will be "readily achievable" as that term is defined by the ADA and its implementing regulations, giving due consideration to the feasibility and costs associated with such modifications.  The Parties agree to cooperate and negotiate in good faith to obtain a reasonable, readily achievable, and workable alternative solution with respect to the modifications set forth in Paragraph 1 and regarding whether such remedial measures are readily achievable.  In the event the Parties are unable to resolve any such issue(s), the Parties agree to submit same to the Court for the Southern District of Florida for a final determination.

If the Website is sold or closed down (unless it re-opens), or if Defendant ceases to own, lease, lease to, or operate the Website prior to the conclusion of remedial measures contemplated by Paragraph 1(A) through (B) to this Agreement, as of that date, Plaintiff and Defendant shall no longer be subject to the terms and conditions of this Agreement.  Nothing herein shall prohibit Defendant from selling, closing down, removing the Website from the World Wide Web, or otherwise terminating operations on the Website.

C.    <u>Third-Party Vendors</u>. The Parties agree that any delays in making the modifications to the Website, as provided for herein, caused by third-party vendors and/or consultants, including as a result of the COVID-19 Pandemic, shall not be deemed to violate the compliance dates contained herein, provided that Defendant provides notice to Plaintiff, through her counsel, of the reasons for the delay prior to the deadline for completion of the modification and acts in good faith to complete the modifications set forth in Paragraph 1 within a reasonable time thereafter.

D.      Force Majeure. Failure of Defendant to perform any action required by this Agreement shall not subject it to any liability or remedy for damages or otherwise, or constitute a breach of this Agreement, if such failure is occasioned in whole or in part by an act of God, fires, accidents, earthquakes, hurricanes, tornados, explosions, floods, wars, labor disputes or shortages, riots, sabotage or any similar circumstance beyond Defendant's reasonable control, including as a result of the COVID-19 Pandemic.

E.      The Parties stipulate that the modifications agreed to in this Agreement constitute, for the purposes of Title III of the ADA, the FAC, the Web Content Accessibility Guidelines, WCAG 2.0 AA, and all local laws, rules and regulations, and their implementing regulations and standards, structurally practicable measures for the removal of existing barriers to access the Website.

F.      Enforcement. If the Court retains jurisdiction to enforce this Agreement, then any action to enforce this Agreement shall be brought in this matter in the Southern District of Florida.  If the Court does not retain jurisdiction to enforce this Agreement, then any action to enforce this Agreement shall be brought in a Court of competent jurisdiction located in Orange County, Florida.  The ADA and, to the extent applicable, Florida law shall apply in any action to enforce this Agreement.  The prevailing party, as defined by the ADA, in any action to enforce this Agreement shall be entitled to their reasonable attorneys' fees, paralegals' fees, litigation expenses and costs pursuant to 42 U.S.C. 12205.

G.      Confidentiality. The Parties acknowledge and agree that the terms and conditions referenced in Paragraph 3 of this Agreement and set forth in the Parties' Confidential Addendum to the Agreement are and shall remain confidential, and shall not be disclosed to any person or entity, except: (i) as may be required by law; (ii) the Parties may disclose the existence, terms and conditions referenced in Paragraph 3 of this Agreement and set forth in the Parties' Confidential Addendum to the Agreement to its attorneys, and/or accountant, provided that Parties make the person to whom disclosure is made aware of the confidentiality provisions of Paragraph 3 to this Agreement and the Parties' Confidential Addendum to the Agreement and such person agrees to keep the terms of Paragraph 3 to this Agreement and the Parties' Confidential Addendum to the Agreement fully confidential; (iii) Defendant may discuss this Agreement, including the terms referenced in Paragraph 3 of this Agreement and set forth in the Parties' Confidential Addendum to the Agreement, with any prospective purchasers of its business and/or website, lenders, investors, governmental entities, regulatory agencies or authorities, its attorneys, its management, its accountants, its consultants, its contractors or Parties consulted or engaged to perform the modifications herein; (iv) Defendant may share this Agreement as part of a defense to any threatened, potential or actual ADA lawsuit or similar lawsuit against Defendant and/or the Website and with the Parties to any future ADA lawsuit or similar lawsuit involving Defendant and/or the Website that is the subject of this Agreement; (v) in any action taken to enforce this Agreement and, (vi) for determination as to entitlement to and amount of attorneys' fees, paralegals' fees, costs and expert fees for a prevailing party in an action to enforce the terms of this Agreement.  The Parties, whether by or through their agents, attorneys, or employees, also agree not to solicit or initiate any demand or request by others not party to this Agreement for any disclosure of the terms referenced in Paragraph 3 of this Agreement and set forth in the Parties' Confidential Addendum to the Agreement.  The Parties further represent that they have not disclosed the terms and conditions referenced in Paragraph 3

of this Agreement and set forth in the Parties' Confidential Addendum to the Agreement to anyone other than their attorneys, accountants, and experts.

H.      Non-Admission. Nothing in this Agreement shall be deemed an admission of wrongdoing or an admission of any violation of law by any of the Released Parties. Specifically, neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Party of a violation of any federal, state, or local statute, law, regulation, code, or ordinance (including the ADA), of any legal, common law or equitable duty owed by Defendant to anyone, or as evidence of any other liability, wrongdoing, or unlawful conduct.  The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims and that Defendant had meritorious defenses to the Plaintiff's allegations.

I.      Authority to Bind/Enter Into Agreement. Each person executing this Agreement on each Party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Agreement. Plaintiff further warrants that there is nothing that would prohibit him from entering into this Agreement. Plaintiff's representations to same constitute a material inducement for Defendant's entering into this Agreement.

J.      Non-Reliance on Statements and Representations. Plaintiff further represents and warrants that he has not received any promise or agreement not expressly contained in this Agreement, and that he is not relying upon any statements or representations made by Defendant, its agents, attorneys, employees, or persons acting on its behalf concerning the merits of any claims or the nature, extent or duration of any damages, or any other thing or matter, but is relying solely upon his own judgment and this Agreement. Plaintiff acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, has the capacity to enter into this Agreement and that he understands and acknowledges the significance and consequences of this Agreement. Plaintiff further acknowledges that he has read this Agreement in its entirety; that he fully understands all of its terms and their significance; and that he has signed it voluntarily and of his own free will. Plaintiff further acknowledges that he has sought the advice of independent counsel and has been advised regarding his rights under this Agreement.

K.      Non-Assignment, Transfer or Incitement of Claims. Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person, thing, corporation, association or entity whatsoever, any claims released herein. Plaintiff agrees to indemnify and to hold Defendant and Released Parties harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees and paralegals' fees, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer.

Plaintiff further represents that, other than the Action, he has not filed, will not file, and/or will not and has not authorized the filing of any complaints, charges, or lawsuits, including with any County Commission on Human Rights, against Defendant or the Release Parties with any federal, state, or local court, governmental agency, or administrative agency relating to the subject Website, and that if, unbeknownst to Plaintiff, such a complaint, charge, or

lawsuit has been filed on her behalf, he will use his best efforts to cause it immediately to be withdrawn and dismissed with prejudice without any further compensation due and owing to Plaintiff.

Plaintiff also agrees that he will not encourage or incite any person to assert any complaint, claim, or charge or to initiate any legal proceeding or Complaint against Defendant and/or the Released Parties. Plaintiff acknowledges that any incitement of others to file such claims would constitute a material breach of this Agreement.

L.      Cooperation and Execution of Necessary Documents. The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

M.      Agreement Not to Seek Future Relief. Plaintiff agrees, covenants, and acknowledges that he will not, at any time in the future prior to the expiration of the period for modifications, seek relief (including, but not limited to, monetary damages, injunctive relief, attorneys' fees, experts' fees, inspection and/or re-inspection fees, paralegals' fees, litigation expenses, and costs) against Defendant for any claim released by this Agreement (including, but not limited to: (i) any claim relating to alleged inaccessibility of the accommodations, procedures, services, policies, or amenities of Defendant during any time prior to the execution of this Agreement; (ii) any claim arising prior to the execution of this Agreement for alleged violations of the ADA, the FAC, the Miami-Dade County Commission on Human Rights, and all state or local laws, rules and regulations, or any regulations and rules promulgated thereunder, or any similar law pertaining to access and/or use by persons with disabilities; and (iii) any claim arising prior to the execution of this Agreement related to alleged inaccessibility of the accommodations, procedures, services, policies, or amenities of Defendant). It is expressly agreed that this provision shall not apply to or bar claims of breach of this Agreement. Other than the Action, which is fully and completely resolved by this Agreement as to Defendant, Plaintiff represents and warrants to the Released Parties that he has not filed any complaint or commenced any action or proceeding against any of the Released Parties with any agency or court.

N.      Non-Disparagement. Plaintiff agrees and warrants that at no time in the future will he make any statements (orally or in writing, including, without limitation, whether in fiction or nonfiction) or take any actions which in any way disparage or defame Defendant and/or the Released Parties, or in any way, directly or indirectly, cause or encourage the making of such statements, or the taking of such actions by anyone else. Plaintiff acknowledges that any incitement of others to defame Defendant and/or the Released Parties would constitute a material breach of this Agreement.

O.      Entire Agreement. This Agreement contains the entire agreement between the Parties with respect to the matters set forth herein, and no other statement, promise, or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Agreement shall be enforceable. This Agreement fully supersedes any and all prior agreements, statements, representations or understandings pertaining to the subject matter herein. This Agreement shall be binding upon and inure to the benefit and/or detriment of

(in the case of obligations) the members, executors, administrators, personal representatives, heirs, successors, and assigns of each party. In the event that a court of competent jurisdiction concludes that any part of this Agreement is unenforceable, such portions shall be severed, and all other portions shall remain valid and enforceable, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

P.      Rules of Construction. The Parties acknowledge that each party has reviewed and revised this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

Q.      Electronic Transmission and Counterparts.  This Agreement may be executed in counterparts and via facsimile and/or electronic transmission (e.g. an executed agreement scanned into a pdf document and exchanged by email), each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument. For the purposes of this Agreement all faxed, scanned, and/or e-mailed signatures shall be accepted as original signatures.

R.      No Waiver. No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver. No waiver shall be deemed to be a waiver of any subsequent breach or rights. All rights are cumulative under this Agreement.

S.      Headings. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

T.      Enforceability. Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.  If the final judgment of a court of competent jurisdiction declares that any term or provision hereof is invalid or unenforceable, the Plaintiff and the Defendant, agree that the court making the determination of invalidity or unenforceability shall have the power to reduce the scope, duration, or area of the term or provision, to delete specific words or phrases, or to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Agreement shall be enforceable as so modified after the expiration of the time within which the judgment may be appealed.

U.      Time Is Of The Essence. The Parties further agree that time is of the essence in all respects regarding this Agreement.

**6.      Notice.**  In the event Plaintiff encounters perceived accessibility barriers on the Website in the future, Plaintiff shall promptly notify Defendant of the alleged barriers in writing at least thirty (30) days prior to filing any claim, complaint, lawsuit, or charge of any kind.  Such written notice shall be sent to Defendant's counsel in the Action as set forth below.  Plaintiff shall then provide Defendant with a reasonable opportunity to correct all issues underlying any

such prospective claim as follows: Defendant shall be allowed twenty (20) days from the date of receipt of the written notice from Plaintiff to confer with Plaintiff to address all issues underlying any claim and to dispute, correct, or otherwise address the issues.  If Defendant cannot reasonably correct the issues within a thirty (30) day period, it shall have such reasonably longer period of time as is necessary to correct such issues not to exceed ninety (90) days, so long as Defendant commences to correct the issues within such thirty (30) day period and in good faith prosecute the correction to completion.  Such written notice and opportunity to correct shall be prerequisites to Plaintiff's right to bring any claim, action, or cause of action against Defendant relative to the Website at issue.  In the event that Plaintiff does encounter any perceived disability access barriers on the Website, and Defendant subsequently complies with the provisions of this paragraph, such that said perceived disability access barriers on the Website are removed pursuant to the terms of this provision, then Plaintiff shall have no right of action against Defendant for any claims arising pursuant to such perceived disability access barriers on the Website.

Unless otherwise provided in this Agreement or by law, all notices or other communications required or permitted by this Agreement or by law to be served on or delivered to any Party to this Agreement shall be delivered as follows:

To Plaintiff:

Diego G. Mendez, Esq.
**MENDEZ LAW OFFICES, PLLC**
P.O. Box 228630
Miami, FL 33172
diego.mendez@mendezlawoffices.com

Or

Richard J. Adams, Esq.
**ADAMS & ASSOCIATES, P.A.**
6500 Cowpen Road, Suite 101
Miami Lakes, FL 33014
radams@bellsouth.net

To Defendant:
Anastasia Protopapadakis, Esq.
GRAY ROBINSON, P.A.
333 S.E. 2nd Ave. Suite 3200
Miami, FL 33131
Anastasia.Protopapadakis@Gray-Robinson.com

**[REST OF PAGE LEFT BLANK INTENTIONALLY]**

**THE PARTIES AGREE THAT THIS AGREEMENT CONSTITUTES THEIR ENTIRE AGREEMENT, THAT THEY HAVE READ AND UNDERSTAND ALL ITS PROVISIONS AND REQUIREMENTS, AND THAT THEY ARE ENTERING INTO THIS AGREEMENT VOLUNTARILY AND IN GOOD FAITH.**

ALEJANDRO ESPINOZA

Dated 11/7/2022

STATE OF Florida )
) ss:
COUNTY OF Miami Dade )

SWORN TO AND SUBSCRIBED before me this 7 day of November , 2022 by Alejandro Espinoza, who is (✓) personally known to me or ( ) produced _____ as identification and who did take an oath.

Notary Public,
State of Florida at Large
Belkys Alvarez Gonzalez
(Printed Name of Notary Public)

(Seal)

My Commission Expires: 02/9/2025 .

*S. A.*

**RON JON SURF SHOP OF FLA, INC.,**
**A Florida for Profit Corporation**
**D/B/A RON JON SURF SHOP**

By: _____

Its: _____ EVP, CFO _____

Dated: _____ 11 / 11 / 2022 _____